UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE AUSTIN, JR.,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>EDWARD BORIA, Acting Warden,<br><br>　　　　　Respondent. | Case No. 8:23-cv-02455-FLA (E)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report and Recommendation ("Report") recommends denial of the Petition and dismissal of this action with prejudice. Dkt. 21. Specifically, the Report recommends denial of Petitioner's claim that the evidence presented at his state court trial was insufficient to support his conviction for attempted murder. *Id*. As explained below, Petitioner's objections to the Report, Dkt. 22, do not warrant a change to the Magistrate Judge's findings or recommendation.

///

Petitioner objects that the evidence was insufficient to prove he performed a direct but ineffectual act toward accomplishing the intended killing because he "did not even draw the gun." Dkt. 22 at 2. As the Report explained, however, a "defendant need not point a gun at an intended victim to be guilty of attempted murder. . . ." Dkt. 21 at 19 (quoting *People v. Garton*, 4 Cal. 5th 485, 514 (2018), and collecting other cases).

Petitioner objects that the evidence showed nothing more than preparation, which is distinct from an attempt. Dkt. 22 at 3. As support, Petitioner cites *People v. Johnson*, 57 Cal. 4th 250, 258 (2013), in which the California Supreme Court explained that if the defendant "buys a gun and plans the shooting, but does no more, he will not be guilty of attempt." Dkt. 22 at 3. This objection overlooks the Report's analysis that this authority is consistent with the state court's decision in this case. Dkt. 21 at 19. In *Johnson*, the California Supreme Court cited, with approval, a decision affirming a conviction for attempted murder in a case with facts similar to the facts of this case. *Johnson*, 57 Cal. 4th at 258 n.4 (citing *People v. Morales*, 5 Cal. App. 4th 917, 927 (1992) (substantial evidence of attempted murder where the defendant "loaded his gun, drove to his victim's neighborhood, and finally hid in a position that would give him a clear shot at [the victim] if [the victim] left by the front door")). As the Report explained, Petitioner went to the victim's workplace and lurked in the parking garage stairwell while (it may reasonably be inferred) he was carrying firearm. Dkt. 21 at 18. Petitioner also acknowledged that he had the opportunity to shoot the victim and her coworkers who accompanied her to the garage. *Id.* at 13. Under state law on attempts, this evidence was sufficient to establish a direct but ineffectual act toward accomplishing the intended killings.

Petitioner objects that the "slight acts rule," which requires an overt act in furtherance of the design, "requires that the defendant, at the least, draw the firearm." Dkt. 22 at 5. As the Report explained, however, the court is bound by the

2

California Court of Appeal's interpretation of the slight acts rule as not requiring the drawing of a firearm.  Dkt. 21 at 19-20.  Moreover, as noted above, the California Supreme Court cited with approval a decision finding sufficient evidence of slight acts in a case with facts similar to those of this case.  *See Johnson*, 57 Cal. 4th at 258 n.4 (citing *People v. Morales*, 5 Cal. App. 4th 917, 927 (1992) (finding sufficient evidence of "slight acts" where the defendant "loaded his gun, drove to his victim's neighborhood, and finally hid in a position that would give him a clear shot at [the victim] if [the victim] left by the front door")).

Petitioner objects that his case is distinguishable from several other state law cases finding sufficient evidence of attempted murder.  Dkt. 22 at 5-6.  This objection does not overcome the Report's analysis that, under state law, Petitioner need not have drawn a gun to be found guilty of attempted murder.

Petitioner objects that the California Court of Appeal "essentially held that the mere possession of a gun coupled with being sufficiently close to the victim to try to shoot her is sufficient to constitute the actus reus of attempted murder."  Dkt. 22 at 7.  This objection mischaracterizes the California Court of Appeal's decision, which explained, in detail, why Petitioner's conduct went beyond mere preparation and planning.  Dkt.18-33 at 11-12.

In sum, Petitioner's objections are overruled.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying and dismissing the Petition with prejudice.

DATED: July 1, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge